UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SANG GEUN AN, et al.,

        Plaintiffs,

  v.

UNITED STATES OF AMERICA,

        Defendant.

No. C03-3184P

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

This matter comes before the Court on Plaintiffs' Motion for Costs, Attorneys' Fees, and Other Expenses. (Dkt. No. 41). The Court requested that Plaintiffs file additional documentation indicating which of the nineteen principle Plaintiffs are eligible and which are ineligible under the EAJA statute. Plaintiffs' response provides documentation showing that eleven Plaintiffs are eligible because their net worth at the time of filing the Complaint was less than two million dollars. (Dkt. Nos. 54 & 56). Counsel for Plaintiffs did not receive documentation from six[1] other Plaintiffs and cannot attest to their eligibility. Two of the Plaintiffs are no longer in the case. Having reviewed the

---

[1] It appears that there is an error in Plaintiffs' response. Counsel state that seven Plaintiffs did not submit documentation. But one of the seven that counsel list as not responding, Doe Hong Min, is also on the list of Plaintiffs that did provide documentation (he is identified as Jason Min on that list). His documentation shows that he goes by either Jason Min or Doe Hong Min. Therefore, it appears that there are actually only six Plaintiffs that did not provide documentation.

ORDER - 1

pleadings and supporting materials as well as Plaintiffs' response to the Court's request, the Court GRANTS in part and DENIES in part Plaintiffs' motion.

The Equal Access to Justice Act ("the EAJA"), 28 U.S.C. § 2412, directs the court to award a prevailing party in a civil action against the United States attorneys' fees and other expenses incurred unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. § 2412(d)(1)(A). The party seeking an EAJA award must show that he is a prevailing party and is eligible under the statute to receive an award. The statute limits the definition of "party" to include only individuals whose net worth did not exceed two million dollars at the time the action was filed. § 2412(d)(2)(B). The party must provide an itemized statement for any attorney appearing on his behalf that indicates the time expended and the rate for computing fees. § 2412(d)(1)(B).

The Court finds that the government's position in this litigation was not substantially justified, nor are there special circumstances that make an award unjust. The Ninth Circuit's decision in <u>Chang v. United States</u>, 327 F.3d 911 (9th Cir. 2003), was directly on point and in favor of Plaintiffs' position. The government does not dispute Plaintiffs' status as the prevailing party.

The only remaining issue is whether the ineligibility of individual Plaintiffs should be attributed to all Plaintiffs to bar any and all EAJA fees and expenses. The documentation provided in Plaintiffs' response shows that eleven of the seventeen principle Plaintiffs that are still in the case are eligible because their net worth at the time the Complaint was filed was less than two million dollars. Because Plaintiffs did not provide documentation for the remaining six, the Court presumes that they are ineligible.

While there is no Ninth Circuit case on point, there is some consensus in the case law from other circuits and a previous decision in this district. If the ineligible plaintiffs contributed significantly to the litigation and the eligible plaintiffs' participation was not necessary because their rights and interests would have been adequately protected by the actions of the ineligible plaintiffs, then all of the

ORDER - 2

plaintiffs should be deemed ineligible.  In contrast, if actions of the eligible plaintiffs were reasonable and necessary and the ineligible plaintiffs' role was nominal or passive, then the court should apportion the fee award based on the percentage of the total plaintiffs that are eligible.  27.09 Acres of Land v. Town of North Castle, 43 F.3d 769. 774-75 (2d Cir. 1994); Sierra Club v. Army Corps of Engineers, 776 F.2d 383, 393 (2d Cir. 1985); Dept. of Wildlife v. Stubblefield, 739 F. Supp. 1428, 1432 (W.D. Wash. 1989).  The Fifth Circuit applies a somewhat more stringent test.  "If the party ineligible for fees is fully willing and able to prosecute the action against the United States, the parties eligible for EAJA fees should not be able to take a free ride thought the judicial process at the government's expense." Louisiana v. Lee, 853 F.2d 1219, 1225 (5th Cir. 1988).

The government maintains that the actions of the eligible Plaintiffs were not necessary because the ineligible Plaintiffs could have pursued their case on their own.  Plaintiffs reply that there is no free rider problem here because the ineligible Plaintiffs were not fully willing and able to prosecute this action on their own.  Plaintiffs further asserts that the ineligible Plaintiffs did not provide any eligible Plaintiffs with additional claims or arguments.

All of the Plaintiffs' claims were the same because they were similarly situated.  Therefore, the Court cannot conclude whether the actions of the eligible Plaintiffs were or were not necessary to the case.  As a result, the Court concludes that it is appropriate to apportion the fee award based on the percentage of the total plaintiffs that are eligible.  Eleven of the seventeen principle Plaintiffs are eligible under the EAJA.  Therefore, the Court will award Plaintiffs 64% of the total fees that the Court deems reasonable.

The Court has reviewed the declarations submitted by the three attorneys who worked on the case on Plaintiffs' behalf and concludes that the reasonable rates for these attorneys is as follows:  Ira Kurzban, $250 per hour, Geoffrey Hoffman, $200 per hour, David Kim, $150 per hour.   Mr. Kurzban worked 71.7 hours; his total fees are $17,925.  Mr. Hoffman worked 42.8 hours; his total fees are $8,560.  Mr. Kim worked 268.6 hours; his total fees are $40,290.  The combined total for these three

attorneys is $66,775. The Court will not award paralegal fees because it does not appear that the paralegals performed work that is typically done by an attorney. Hyatt v. Barnhart, 315 F.3d 239, 255 (4th Cir. 2002) ("Although fees for paralegal time may be recoverable under the EAJA, such fees are only recoverable to the extent they reflect tasks traditionally performed by an attorney and for which the attorney would customarily charge the client."). Sixty-four percent of $66,775 is $42,736. Counsel also seek expenses and costs of $12,234.97.

In sum, the government is directed to pay attorneys' fees of $42,736 and expenses and costs of $12,234.97, which together totals $54,970.97.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: April 20, 2005

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4